**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO**

| | | |
|---|---|---|
| Young Innovations, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-6879 |
| | ) | |
| v. | ) | |
| | ) | |
| US Dental, Inc., dba Young's Dental, Young's | ) | |
| Dental, Inc., Peter S. Park, and Richard Park, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Young Innovations, Inc. ("Plaintiff"), by and through its undersigned counsel, McDermott Will & Emery LLP, files this complaint against US Dental, Inc., dba Young's Dental, Young's Dental, Inc., Peter S. Park, and Richard Park (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for (I) trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); (II) trademark counterfeiting under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (III) unfair competition, false advertising, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (IV) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*; (V) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*; and (VI) unfair competition under Illinois common law.

## THE PARTIES

2.      Young Innovations, Inc. is a Missouri limited liability company with a principal place of business located at 2260 Wendt Street, Algonquin, Illinois 60102.

3.      US Dental, Inc. is a California corporation with a principal place of business located at 13043 166th Street, Cerritos, California 90703. Upon information and belief, US Dental, Inc. does business under the fictitious business name Young's Dental.

4.      Young's Dental, Inc. is a California corporation with a principal place of business located at 13043 166th Street, Cerritos, California 90703.

5.      Young's Dental, Inc. was incorporated in California on October 19, 2005, but was dissolved on May 26, 2016.

6.      On information and belief, US Dental, Inc. registered Young's Dental as a fictitious business name with the Los Angeles County clerk on December 4, 2015.

7.      Young's Dental, Inc. was again incorporated in California on August 21, 2019, but was suspended on January 25, 2022.

8.      On information and belief, US Dental, Inc. again registered Young's Dental as a fictitious business name with the Los Angeles County clerk on April 29, 2021.

9.      Peter S. Park is an individual residing at 12110 Park Street, Cerritos, California 90703. Peter S. Park is the President, CEO, and registered agent of US Dental, Inc. and was also the registered agent of Young's Dental, Inc. before it was dissolved in 2016. On information and belief, Peter S. Park, in his capacity as President and CEO of US Dental, Inc., was the moving, active, and conscious force behind the trademark infringement, trademark counterfeiting, trademark dilution, false advertising, and false designation of origin violations alleged herein.

- 2 -

10.     On information and belief, Peter S. Park manages Defendants' day-to-day operations and oversees its employees. On information and belief, Peter S. Park makes key decisions regarding the direction of Defendants' business strategies and operations, including the company's business development, product offerings, and sales. On information and belief, Peter S. Park also makes key decisions concerning Defendants' marketing efforts, including its logo design, websites, product catalogs, marketing materials, and attendance at trade shows.

11.     On information and belief, Peter S. Park, as the President and CEO of US Dental, Inc. dba Young's Dental, authorized and approved the acts described herein, despite having received multiple cease and desist letters from Plaintiff.

12.     Peter S. Park has known of Plaintiff's infringement concerns since at least August 15, 2016, when Plaintiff sent Peter S. Park a first cease and desist letter. Plaintiff sent Peter S. Park two additional demand letters on April 8, 2019 and September 7, 2022, to which Peter S. Park never responded.

13.     Richard Park is an individual residing at 12110 Park Street, Cerritos, California, 90703. Richard Park is identified as the current President of Young's Dental on Defendants' website and his name is provided alongside the return address on goods shipped by Defendants. On information and belief, Richard Park personally ships goods sold by Defendants. On information and belief, Richard Park was the moving, active, and conscious force behind the trademark infringement, trademark counterfeiting, trademark dilution, false advertising, and false designation of origin violations alleged herein.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under 28 U.S.C. Sections 1331, 1338(a), 1338(b) and 1367, and under principles of pendent

jurisdiction. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims for deceptive acts or practices pursuant to Illinois state law.

15.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of Missouri and Illinois, as Plaintiff, and citizens of California, as Defendants.

16.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c)(2) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district.

17.     This Court has personal jurisdiction over the Defendants because the Defendants regularly solicit and transact business in the State of Illinois and in this district. Defendants solicit and conduct business in this district through its interactive website, https://youngsdental.com/, and by attending dental trade shows in this district and the Chicagoland area.

18.     On its "About Us" page, Defendants advertise that they have "trained more than 20,000 dental professionals since 2009." *About Us*, YOUNG'S DENTAL, https://youngsdental.com/pages/about-us (last visited Oct. 26, 2022). On information and belief, some of these dental professionals are located in Illinois and in this district.

19.     On information and belief, Defendants attend trade shows in Illinois and in this district where they advertise, display, offer to sell, and sell their goods.

20.     On information and belief, Defendants attended the LMT Lab Day trade show for the dental industry in Chicago in 2020. A copy of the 2020 LMT Lab Day list of exhibitors is attached hereto as **Exhibit A**.

## FACTUAL BACKGROUND

21.     Plaintiff Young Innovations, Inc. was founded as Young Dental over a century ago and was an early pioneer of manufactured dental products in the United States. Throughout the years, Plaintiff has continued to build on its legacy of manufacturing and supplying high-quality goods to improve the clinical experience for dental professionals and patients.

22.     Plaintiff has a large portfolio of dental and orthodontic supplies, including its YOUNG® brand of prophy angles, prophy paste, fluoride varnishes, and dental handpieces.

23.     Plaintiff has used the YOUNG® trademark continuously on and in connection with a full line of high-quality dental products since at least as early as 1998.

24.     Plaintiff owns a valid federal trademark registration for the YOUNG® trademark (U.S. Reg. No. 6,304,706) for use as a house mark in connection with a full line of dental products, including but not limited to cleaning preparations, dental instrument sharpening stones, dental instrument polishers, dental and orthodontic instruments, apparatus and devices, dental and medical sterilization units, and applicators for dispensing and spreading liquid for use in the field of dentistry. A copy of the federal trademark registration certificate for Plaintiff's YOUNG® mark is attached hereto as **Exhibit B**.

25.     As part of the family of YOUNG®-formative marks, Plaintiff also owns a valid federal trademark registration for YOUNG SPECIALTIES® (U.S. Reg. No. 6,902,296) for use in connection with a full line of dental products, including but not limited to cleaning preparations, dental instrument sharpening stones, dental instrument polishers, dental and orthodontic instruments, apparatus and devices, dental and medical sterilization units, and applicators for dispensing and spreading liquid for use in the field of dentistry. A copy of the federal trademark

registration certificate for Plaintiff's YOUNG SPECIALTIES® mark is attached hereto as **Exhibit C**.

26.     Plaintiff's Federal Trademark Registration No. 6,304,706 (the "YOUNG Registration") is in full force and effect on the Principal Trademark Register and constitutes "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein." 15 U.S.C. § 1115(a).

27.     Plaintiff's Federal Trademark Registration No. 6,902,296 (the "YOUNG SPECIALTIES Registration") is in full force and effect on the Principal Trademark Register and constitutes "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein." 15 U.S.C. § 1115(a).

28.     Plaintiff maintains strict control over the nature and quality of merchandise bearing the YOUNG® and YOUNG SPECIALTIES® marks (collectively, "the YOUNG® marks"). Plaintiff's dedication to high quality manufacturing has earned Plaintiff an excellent reputation for making reliable and high-quality dental products.

29.     Dental and orthodontic products designed, manufactured, and/or sold by Plaintiff and bearing the YOUNG® marks have been advertised and sold throughout the United States and within the State of Illinois and this district.

30.     As a result of Plaintiff's excellent reputation as an innovator and pioneer in the dental industry, and through extensive advertising, use, sales, and strict control of the nature and

quality of its goods, Plaintiff's YOUNG® marks have engendered a public recognition of, and association with, Plaintiff as the exclusive source of authorized goods bearing the YOUNG® marks.

31.     Based on this wide public recognition and extensive use in the United States, Plaintiff's YOUNG® marks are famous.

32.     Plaintiff first discovered that the Defendants were selling dental equipment under the name "Young's Dental" on its website, https://youngsdental.com/, around 2016. At that time, the Defendants primarily offered diagnostic equipment, such as X-ray machines, which Plaintiff did not and does not offer in connection with the YOUNG® marks.

33.     On August 15, 2016, Plaintiff sent a letter to Peter S. Park, the President of Young's Dental, regarding the Defendants' unauthorized use of the YOUNG® trademark, the business name "Young's Dental," and the youngsdental.com domain name in connection with dental equipment. In the letter, Plaintiff expressed concern that Defendants' use of "Young's Dental" could be likely to cause consumer confusion. The letter also included an invitation for the Defendants to "discuss[] a potential business solution...to eliminate any consumer confusion."

34.     On August 22, 2016, a representative of Defendants responded and notified Plaintiff that the "business was shut down and dissolved." Plaintiff did not pursue the matter further at that time, based on, *inter alia*, the Defendants' representation that the Young's Dental business "was shut down and dissolved."

35.     In 2019, Plaintiff noticed troubling changes made to the Young's Dental website: the Defendants had added online product catalogs and changed their logo to resemble the YOUNG® mark more closely by deleting the design element. Images 1, 2, and 3 below show the

old Young's Dental logo, the new Young's Dental logo, and Plaintiff's YOUNG® mark, respectively.





Image 1 – Defendants' Old Logo      Image 2 – Defendants' New Logo



Image 3 – Plaintiff's Mark

36.    Plaintiff's counsel sent a follow-up letter on April 8, 2019 to Peter S. Park regarding Defendants' then-discovered continued unauthorized use of the YOUNG® trademark.

37.     Defendants failed to respond to the April 2019 correspondence from Plaintiff's counsel.

38.    On February 21, 2020, Plaintiff saw a Young's Dental booth at the LMT Lab Day Exhibition in Chicago showcasing milling machines for use in dental labs. Image 4, below, is a picture of the Young's Dental booth with a banner sporting the altered Young's logo.



Image 4

39.     In 2022, Plaintiff began to receive indications of actual consumer confusion caused by Defendants' unauthorized use of the YOUNG® trademark, the business name "Young's Dental," and the youngsdental.com domain name. Around July 2022, a sales representative from Patterson Dental sent Plaintiff a screenshot of a Young's Dental advertisement, mistakenly believing that Plaintiff offered the advertised product. Plaintiff further noticed that accessing the Young's Dental Digital website sometimes resulted in a message warning that the website may be a "mimic site" of Plaintiff's website, youngdental.com. This warning message is illustrated in Image 5, below.



Image 5

40.     Even more concerning, customers accessing *Plaintiff's* website may receive a similar warning message suggesting that youngdental.com is the mimic site of www.youngsdental.com, as shown in Image 6 below. Defendants' unauthorized use of the YOUNG® marks and a nearly identical domain name has thus tarnished Young Innovations' reputation by causing internet browsers to flag Plaintiff's website as a fraudulent "mimic" of Defendants' website.



Image 6

41.     Of perhaps the most concern, Plaintiff became aware in or about July 19, 2022 that Defendants' use of "Young's" had expanded beyond X-Ray machines and other diagnostic and fabrication equipment to include general dental supplies, including Plaintiff's own YOUNG®-branded goods. For example, in Defendants' "2022 Young's Dental Product Catalog," Plaintiff's YOUNG®-branded prophy angles appear on page 42. Young's Dental, *2022 Young's Dental Product Catalog*, SHOPIFY (2022), https://cdn.shopify.com/s/files/1/0562/1524/0861/files/2022_Young_s_Catalog_2.pdf?v=166321 8204. A screenshot of the relevant portion of the catalog is shown below in image 7, with Plaintiff's YOUNG®-branded product in the bottom-right corner.



Image 7

42.     Thus, in 2022 Plaintiff became aware for the first time that Defendants had substantially expanded their offering of goods to include goods that are identical to those sold by Plaintiff in connection with the YOUNG® marks. Likewise, Plaintiff first became aware in 2022 that Defendants were selling Plaintiff's YOUNG®-branded goods in the Young's Dental catalog.

43.     Following these developments, Plaintiff's counsel sent a final demand to Defendants on September 7, 2022, noting Defendants' substantially expanded use and requesting that Defendants cease all use of "YOUNG'S, or anything else that contains or comprises YOUNG'S, YOUNG, or any other mark that is confusingly similar to [Plaintiff's] Trademarks in connection with dental or dental-related goods or services," and "YOUNG'S DENTAL, YOUNG'S DIGITAL DENTAL, or anything else that combines any form of YOUNG with any word conveying a connection to the dental industry, in connection with any goods or services."

44.     Plaintiff's counsel requested a response to the September 7 letter by September 20, 2022, but Defendants did not respond.

45.     Despite Plaintiff's multiple attempts to contact Defendants to resolve this matter and avoid litigation, Defendants have continued to willfully infringe Plaintiff's trademark rights and, most remarkably, have even expanded their infringing use of "Young's" and formatives thereof.

46.     Defendants' infringing and counterfeiting activities are detrimental to the goodwill and business reputation symbolized by Plaintiff's YOUNG® marks and have resulted, and continue to result, in irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

47.     On information and belief, Defendants have adopted, promoted, advertised, offered for sale, and/or sold dental goods using infringing marks and domain names—including but not limited to Young's Dental, Young's Digital, Young's, youngsdental.com, info@youngdental.com,

and youngsdigital.net—without Plaintiff's authorization and with knowledge that such use of the above marks and domain names is likely to cause confusion, mistake, or to deceive purchasers into believing that Plaintiff sponsored, endorsed, and/or authorized Defendants' goods.

48.     Defendants have committed these acts with actual knowledge of Plaintiff's YOUNG® marks and with the intent to profit from the goodwill owned by Plaintiff in its name and trademarks.

### COUNT I
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

49.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50.     Plaintiff's registered YOUNG® and YOUNG SPECIALTIES® trademarks are highly distinctive marks, and consumers expect high quality dental goods to be sold under the YOUNG® marks.

51.     Upon information and belief, Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising, dental goods using marks in commerce that are identical to, substantially indistinguishable from, or confusingly similar to Plaintiff's YOUNG® marks without Plaintiff's authorization.

52.     On information and belief, Defendants' acts of infringement were performed with the intent to capitalize upon the popularity of, and demand for, Plaintiff's goods and services and Plaintiff's hard-earned reputation.

53.     Defendants' conduct is likely to cause confusion, mistake, and deception among purchasers as to the origin of Defendants' goods and services and is likely to deceive the public

into believing that the Defendants' goods and services originate from, are associated with, and/or are otherwise authorized by Plaintiff, all to the damage of Plaintiff's reputation, goodwill and sales.

54.     Peter S. Park, in his capacity as President and CEO of US Dental, Inc. dba Young's Dental, and Richard Park, were the moving, active, and conscious forces behind these acts of trademark infringement.

55.     As a result of the Defendants' actions, Plaintiff has suffered serious and irreparable injury and, unless restrained by this Court, Plaintiff is likely to suffer further irreparable injury by Defendants' continued infringement, for which Plaintiff has no adequate remedy at law.

56.     Upon information and belief, the Defendants' acts alleged herein were committed willfully, wantonly with actual knowledge of and in disregard of Plaintiff's trademark rights and with knowledge that such unauthorized use of the YOUNG® marks would cause confusion, mistake, or deceive purchasers into believing that Plaintiff sponsored, endorsed, or authorized the sale of Defendants' dental goods. Defendants' actions constitute willful trademark infringement, in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and in particular, 15 U.S.C. § 1114. Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT II
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

57.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56.

58.     As a complete and second ground for relief, Plaintiff hereby charges Defendants with trademark counterfeiting under the laws of the United States, as provided under 15 U.S.C. § 1114.

59. Plaintiff's YOUNG® and YOUNG SPECIALTIES® trademarks are highly distinctive marks, and consumers expect high quality dental goods to be sold under the YOUNG® marks, including but not limited to "dental and orthodontic pharmaceutical preparations and materials," "cleaning preparations for dental purposes," "dental preparations," "dental instrument sharpening stones," "dental instruments polishers," "dental and orthodontic instruments, apparatus, and devices," "dental and medical sterilization units," and "applicators sold empty for dispensing and spreading a minute quantity of liquid for use in the field of dentistry."

60. Upon information and belief, Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising, dental goods using spurious marks in commerce that are identical to or substantially indistinguishable from Plaintiff's YOUNG® marks without Plaintiff's authorization.

61. On information and belief, Defendants' counterfeiting acts were performed with the intent to capitalize upon the popularity of, and demand for, Plaintiff's goods and services and Plaintiff's hard-earned reputation.

62. Defendants' conduct is likely to cause confusion, mistake and deception among purchasers as to the origin of Defendants' goods and services and is likely to deceive the public into believing that the Defendants' goods and services, as well as third-party goods in the Young's Dental catalog, originate from, are associated with, and/or are otherwise authorized by Plaintiff, all to the damage of Plaintiff's reputation, goodwill and sales.

63. Peter S. Park, in his capacity as President and CEO of US Dental, Inc., and Richard Park, were the moving, active, and conscious forces behind these acts of trademark infringement and counterfeiting.

64.     As a result of the Defendants' actions, Plaintiff has suffered serious and irreparable injury and, unless restrained by this Court, Plaintiff is likely to suffer further irreparable injury by Defendants' continued infringement and counterfeiting, for which Plaintiff has no adequate remedy at law.

65.     Upon information and belief, the Defendants' acts alleged herein were committed willfully, wantonly with actual knowledge of and in disregard of Plaintiff's trademark rights and with knowledge that such unauthorized use of the YOUNG® marks would cause confusion, mistake, or deceive purchasers into believing that Plaintiff sponsored, endorsed, or authorized the sale of Defendants' dental goods. Defendants' actions constitute willful trademark infringement and counterfeiting, in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and in particular, 15 U.S.C. § 1114. Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT III
## UNFAIR COMPETITION, FALSE ADVERTISING, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

66.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 65.

67.     Plaintiff and Defendants are direct competitors in the dental supply space.

68.     Defendants' promotion, marketing, offering for sale, and sale of dental goods using marks confusingly similar to, identical to, and/or substantially indistinguishable from the YOUNG® marks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or to the origin, sponsorship or approval of Defendants' goods by Plaintiff.

69.     By using the YOUNG® marks in connection with the sale of their dental goods, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the goods.

70.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Young's Dental goods to the general public is a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

71.     Defendants' conduct is detrimental to the goodwill and business reputation symbolized by Plaintiff's YOUNG® marks.

72.     Peter S. Park, in his capacity as President and CEO of US Dental, Inc., and Richard Park, were the moving, active, and conscious forces behind these acts of false advertising.

73.     As a result of Defendants' actions, Plaintiff has suffered serious and irreparable injury and, unless restrained by this Court, Plaintiff is likely to suffer further irreparable injury by Defendants' continued infringement for which Plaintiff has no adequate remedy at law.

74.     Upon information and belief, Defendants' acts as alleged herein were committed willfully, wantonly with actual knowledge of and in disregard of Plaintiff's trademark rights, and with knowledge that such unauthorized use of Plaintiff's YOUNG® marks would cause confusion, mistake, or deceive purchasers into believing that Plaintiff sponsored, endorsed, or authorized the Defendants' goods, or that the Defendants' goods are associated with Plaintiff or its goods. Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510 *et seq.*)

75.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

76.     Defendants have engaged in acts violating Illinois law including, but not limited to, (a) passing off goods or services as those of Plaintiff, (b) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their dental goods, (c) causing a likelihood of confusion or of misunderstanding as to the Defendants' affiliation, connection, or association with or certification by Plaintiff, (d) representing that their goods have Plaintiff's sponsorship or approval when they do not, and (e) representing that their goods or services are of a particular standard, quality, or grade established by and exclusively associated with Plaintiff.

77.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising, dental goods and supplies on their websites and online catalogs and at trade shows using marks that are confusingly similar to Plaintiff's YOUNG® marks without Plaintiff's authorization.

78.     The Defendants' foregoing acts constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat 510, *et seq.*

79.     Defendants' conduct is likely to deceive the public into believing that the Defendants' goods originate from or are otherwise authorized for sale by Plaintiff.

80.     Peter S. Park, in his capacity as President and CEO of US Dental, Inc., and Richard Park, were the moving, active, and conscious forces behind these deceptive trade practices.

81.     As a result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

82.     Plaintiff has no adequate remedy at law and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**COUNT V**
**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS § 505/1 *et seq.*)**

83.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82.

84.     Defendants' unauthorized use of Plaintiff's YOUNG® marks in connection with the Defendants' goods and services constitutes an unfair method of competition and an unfair or deceptive act or practice, including, but not limited to, the use or employment of deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of material facts to the purchasing public, including the source of Defendants' goods and the source, sponsorship, approval, and/or affiliation of Plaintiff with Defendants' goods, with the intent that the purchasing public rely on such unfair methods of competition and unfair or deceptive acts or practices.

85.     On information and belief, Defendants' actions were performed with willfulness and the intent to wrongfully exploit Plaintiff's rights in the YOUNG® marks.

86.     Peter S. Park, in his capacity as President and CEO of US Dental, Inc., and Richard Park, were the moving, active, and conscious forces behind these deceptive business practices.

87.     As a result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

88.     Defendants' actions constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*.

**COUNT VI**
**UNFAIR COMPETITION UNDER COMMON LAW**

89.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 88.

90.     Defendants have injured Plaintiff by using Plaintiff's YOUNG® marks in connection with the Defendants' goods and causing a likelihood of confusion or misunderstanding among the relevant public as to the source or authorization to sell the Defendants' goods.

91.     Defendants have harmed Plaintiff by injuring its business reputation and by passing off Defendants' goods as a substitute for goods authorized for sale by Plaintiff.

92.     Defendants' conduct is likely to deceive the public into believing that their goods originate from or are otherwise authorized or sponsored by Plaintiff.

93.     Defendants' conduct constitutes unfair competition under the common law of the State of Illinois.

94.     As a result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

95.     As a result of Defendants' actions, Plaintiff has suffered serious and irreparable injury and, unless restrained by this Court, Plaintiff is likely to suffer further irreparable injury by Defendants' continued infringement for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.      Judgment that Defendants have willfully infringed Plaintiff's YOUNG® marks and that Defendants have damaged Plaintiff's goodwill in the YOUNG® marks by the acts complained of herein, in violation of 15 U.S.C. §§ 1114 and 1125 and 815 ILCS §§ 510 *et seq*. and 505/1 *et seq*.

2.      Judgment that Defendants have willfully competed unfairly with Plaintiff by advertising, selling, and offering for sale dental goods using a mark that is confusingly similar to, identical to, or substantially indistinguishable from Plaintiff's YOUNG® marks, without authorization, in violation of 15 U.S.C. § 1125 and common law.

3.      Judgement that Defendants are liable for willful counterfeiting in violation of 15 U.S.C. § 1114.

4.      Judgment that Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert and/or participation with them who receive notice be immediately and permanently enjoined and restrained from:

     a.   imitating, copying, duplicating, counterfeiting or otherwise making any infringing use of Plaintiff's YOUNG® marks in connection with the manufacturing, distribution, or sale of the Defendants' dental goods;

     b.   manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material bearing any copy or colorable imitation of the YOUNG® marks;

     c.   using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, to mistakenly believe that any good

or service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, approved, or authorized by or connected with Plaintiff, without Plaintiff's express authorization;

d.  unfairly competing with Plaintiff by using YOUNG®, YOUNG SPECIALTIES®, or any colorable imitation thereof on or in connection with any goods or services;

e.  causing likelihood of confusion or injury to Plaintiff's business reputation and to the goodwill associated with Plaintiff's YOUNG® marks through unauthorized use of the same or a confusingly similar equivalent in connection with the manufacturing, distribution, or sale of its goods;

f.  registering and/or using YOUNG®, YOUNG SPECIALTIES®, or any colorable imitation thereof in a domain name;

g.  engaging in any other activity constituting unfair competition or infringement of Plaintiff's YOUNG® marks or Plaintiff's rights in, to use, or to exploit the same; and

h.  assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (a) through (g) above.

5.  Entry of an order that, upon Plaintiff's choosing, the registrant of the Defendants' domain names incorporating YOUNG®, YOUNG SPECIALTIES®, or a colorable imitation thereof ("unauthorized domain names") shall be changed from the current registrant to Plaintiff, and that the domain name registries for the Defendants' unauthorized domain names shall unlock and change the registrar of record for the Defendants' unauthorized domain names to a registrar of Plaintiff's selection, and that the domain name registrars shall take any steps necessary to transfer the Defendants' unauthorized domain names to a registrar account of Plaintiff's choosing;

or that the same domain name registries shall disable the Defendants' unauthorized domain names and make them inactive and untransferable.

6.      An order awarding Plaintiff monetary relief in an amount to be fixed by the Court in its discretion as just, including all damages sustained by Plaintiff, a reasonable royalty, and/or all of Defendants' profits or gains of any kind resulting from its willful infringement, said amount to be trebled in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C. § 1117.

7.      An order awarding Plaintiff statutory damages for each counterfeit mark used for each type of good sold, offered for sale, or distributed pursuant to 15 U.S.C. § 1117(c), said statutory damages to be enhanced in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C. § 1117(c)(2).

8.      An order, pursuant to 15 U.S.C. § 1118, requiring Defendants and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants who receive actual notice of said order, to deliver up all promotional, advertising, and any other printed materials of any kind wrongfully bearing or containing Plaintiff's YOUNG® marks or any colorable imitation thereof.

9.      An order for corrective advertising in a form, manner and frequency that is reasonably acceptable to Plaintiff.

10.     An order requiring Defendants, and all those acting in concert with Defendants, to destroy all of the Defendants' goods bearing an infringing mark.

11.     An order pursuant to 15 U.S.C. § 1117 awarding to Plaintiff its attorneys' fees, due to the exceptional nature of this case and Defendant's willful acts identified herein, and all of Plaintiff's costs and expenses of litigation.

12.　　An order awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

13.　　An order directing the Defendants to file with the Court within thirty days after entry of judgment a report in writing under oath detailing Defendants' compliance with the foregoing.

14.　　An order awarding to Plaintiff such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated: December 7, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**MCDERMOTT WILL & EMERY LLP**

　　　　　　　　　　　　　　　　　　By:　　*/s/ James M. Oehler*
　　　　　　　　　　　　　　　　　　　　　James M. Oehler

Jennifer M. Mikulina (6275524)
(jmikulina@mwe.com)
James M. Oehler (6301897)
(joehler@mwe.com)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606
Tele: +1 312 372 2000
Fax: +1 312 984 7700

Robert W. Zelnick (*pro hac vice application to be filed*)
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, DC 20001
Tele: +1 202 756 8000
Fax: +1 202 756 8087