**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO**

| | | |
|---|---|---|
| Young Innovations, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-6879 |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| US Dental, Inc., dba Young's Dental, Young's | ) | |
| Dental, Inc., Peter S. Park, and Richard Park, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER was commenced by the filing of a Complaint for trademark infringement, counterfeiting, and related causes of action on December 7, 2022, by Plaintiff Young Innovations, Inc. ("Young Innovations" or "Plaintiff") against Defendant Peter S. Park ("Park" or "Settling Defendant"), as well as Defendant US Dental, Inc., dba Young's Dental ("US Dental"), Defendant Young's Dental, Inc. and Defendant Richard Park. Plaintiff and Settling Defendant have agreed to settle this matter pursuant to a confidential settlement agreement (the "Settlement Agreement"). After being informed that Plaintiff and Settling Defendant expressly consent, stipulate, and agree to the entry of this Order, this Court hereby ORDERS AND ADJUDGES as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 and 15 U.S.C. § 1121. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper under 28 U.S.C. § 1391(b) and (c). This Court has personal

jurisdiction over Settling Defendant because Settling Defendant regularly solicits and transact business in the State of Illinois and in this district.

2.      Plaintiff Young Innovations, Inc. is a Missouri corporation with a principal place of business located at 2260 Wendt Street, Algonquin, Illinois 60102.

3.      Defendant Peter S. Park is an individual residing at 5016 7th Avenue, Brooklyn, New York, 11220.

4.      Young Innovations has used the YOUNG® trademark continuously on and in connection with the sale of a full line of high-quality dental products since at least as early as 1998. Young Innovations owns valid U.S. federal trademark registrations for the YOUNG® trademark (U.S. Reg. No. 6,304,706) and the YOUNG SPECIALTIES® trademark (U.S. Reg. No. 6,902,296) for use in connection with a full line of dental products.

5.      As a result of its widespread, continuous, and exclusive use of the YOUNG® trademark and other YOUNG®- formative marks (collectively, the "YOUNG® Marks") to identify its goods, Young Innovations owns valid and subsisting federal statutory and common law rights to the YOUNG® Marks.

6.      The YOUNG® Marks are distinctive to the consuming public, Young Innovations' trade, and the dental industry.

7.      As a result of its extensive advertising, use, and sales, as well as its strict control over the nature and quality of its goods, Plaintiff's YOUNG® Marks have engendered a public recognition of, and association with, Plaintiff as the exclusive source of authorized goods bearing the YOUNG® Marks.

8.      US Dental operates a dental supply company under the name "Young's Dental" that sells dental imaging, laboratory, and fabrication equipment and dental supplies.

9. Defendant Peter S. Park is the President, CEO, and registered agent of US Dental.

10. Without Plaintiff's authorization, and beginning after Plaintiff acquired protectable exclusive rights in its YOUNG® Marks, US Dental adopted and began using variations of the YOUNG® Marks in US commerce.

11. In particular, US Dental has used variations of the YOUNG® Marks in connection with the offering of dental goods and services, including as part of its domain names (youngsdental.com, youngsdigital.net, and youngsdentalsupply.com), and in its product catalogs, advertisements, email addresses, website text, and trade show materials. Additionally, US Dental offered for sale Plaintiff's own YOUNG®-branded goods.

12. As the President, CEO, and registered agent of US Dental, Defendant Peter S. Park makes key decisions regarding the direction of US Dental's business strategies and operations, including the company's business development, product offerings, and sales, and also makes key conscious, active, and knowing decisions concerning US Dental's marketing efforts, including its logo design, websites, product catalogs, marketing materials, domain name selection, and attendance at trade shows.

13. As the President, CEO, and registered agent of US Dental, Defendant Peter S. Park authorized and approved of the acts accused in this litigation.

14. Settling Defendant is not affiliated with Young Innovations. Young Innovations has not entered into any license agreements with Settling Defendant or otherwise authorized Settling Defendant to use the YOUNG® Marks, nor has Settling Defendant ever had any other relationship with Young Innovations that would entitle him to use the YOUNG® Marks.

15. Settling Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of US Dental's

3

goods and services because such acts have deceived or are likely to deceive the relevant consuming public into believing, mistakenly, that US Dental's goods and services originate from, are associated or affiliated with, or are otherwise authorized by Young Innovations, all to the damage of Plaintiff's reputation, goodwill, and sales.

16. US Dental's use of the YOUNG® marks constitutes (I) trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); (II) trademark counterfeiting under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (III) unfair competition, false advertising, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (IV) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq.; (V) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 et seq.; and (VI) unfair competition under Illinois common law. Defendant Peter S. Park, in his capacity as President and CEO of US Dental, was the moving, active, and conscious force behind the foregoing accused acts. This Court hereby enters judgment against the Settling Defendant and in favor of Young Innovations on these claims.

17. As a direct and proximate result of Settling Defendant's infringing conduct, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and a permanent injunction pursuant to 15 U.S.C. §§ 1116-1117.

18. Settling Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

19. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

4

## PERMANENT INJUNCTION

Pursuant to the above findings of fact and conclusions of law, and the stipulation of the parties hereto, IT IS HEREBY ORDERED:

20.     Settling Defendant and his agents, partners, employees, attorneys, representatives, successors, and assigns, and all those persons in active concert or participation with him or acting on his behalf, are forthwith hereby permanently enjoined and restrained from the following:

(a) Selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote dental goods or services using the word "YOUNG" or any formative thereof in any form or medium or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the YOUNG® Marks, including but not limited to offering for sale of any YOUNG®-branded goods;

(b) Engaging in any activity that infringes or interferes with Plaintiff's exclusive rights in the YOUNG® Marks;

(c) Engaging in any activity constituting unfair competition with Plaintiff;

(d) Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) US Dental's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff; or (ii) Plaintiff's goods are in any manner approved, endorsed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with US Dental;

    (e)   Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

    (f)   Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Young's Dental mark or any other mark that infringes or is likely to be confused with the YOUNG® Marks;

    (g)   Challenging either the validity of the YOUNG® marks or registrations or Plaintiff's ownership thereof;

    (h)   Making any disparaging statements or representations, either directly or indirectly, whether orally or in writing, to any person whatsoever, about Plaintiff or their attorneys, representatives, affiliates, directors, officers, employees, or agents; and

    (i)   Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraphs (a) through (h).

21.    Within thirty (30) business days of the Effective Date of the Settlement Agreement, Settling Defendant shall take all steps necessary to transfer to Young Innovations all right, title, and interest in and to any domain name owned or controlled by Settling Defendant bearing any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, the YOUNG® Marks.

22.    By the Effective Date of the Settlement Agreement, Settling Defendant shall take all steps necessary to remove from public view and public access all materials, including all

signs, displays, labels, brochures, website materials, and promotional and packaging materials that use, feature, or bear the following:

(a) the word "YOUNG" and any formative thereof in any manner in connection with the sale, offering for sale, distribution, promotion, and other commercial activities related to any dental goods or services;

(b) any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, the YOUNG® Marks, including but not limited to offering for sale of any YOUNG®-branded goods;

(c) any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of US Dental with Young Innovations, or as to the source or origin of, or sponsorship or approval by Young Innovations of, US Dental's goods, services, or other commercial activities; or

(d) the word "YOUNG" and any formative thereof in any trade name registrations, including but not limited to Defendant US Dental's registration of the trade name "Young's Dental" with the Secretary of State of California.

23. Within thirty (30) days after entry of this Consent Judgment and Permanent Injunction, Settling Defendant shall serve upon Plaintiff's counsel a report in writing, under oath, setting forth in detail the manner and form in which Settling Defendant has complied therewith.

24.     This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

25.     If Settling Defendant is found by this Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from this Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and all other relief available in the event of such violation.

26.     The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

27.     This action is henceforth dismissed from this Court's docket without prejudice with leave to reinstate on or before October 1, 2029. Thereafter, the case shall be deemed, without further order of this Court, to be dismissed with prejudice. Each party shall bear its own attorneys' fees and costs in connection with this dismissal.

SO ORDERED this 24th day of September 2024.

_____
Hon. Lindsay C. Jenkins
UNITED STATES DISTRICT JUDGE

The parties have consented to the entry of this Order without further notice.


Date:

For **Defendant Peter S. Park**


By his attorney:


_____
Andrew Kim

Andrew Kim (admitted pro hac vice)
(andrewkkimlawyer@gmail.com)
**Law Offices of Andrew Kim, APC**
3470 Wilshire Blvd., Suite 885
Los Angeles, CA 90010
Tele: +1 213 386 4497

Date:

For **Plaintiff Young Innovations, Inc.**


By its attorneys:


_____
James M. Oehler

Jennifer M. Mikulina (6275524)
(jmikulina@mwe.com)
James M. Oehler (6301897)
(joehler@mwe.com)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606
Tele: +1 312 372 2000
Fax: +1 312 984 7700

Robert W. Zelnick (admitted *pro hac vice*)
(rzelnick@mwe.com)
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, DC 20001
Tele: +1 202 756 8000
Fax: +1 202 756 8087