IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Young Innovations, Inc., | ) |
|                 Plaintiff, | ) Case No. 1:22−cv−06879 |
| v. | ) Judge Lindsay C. Jenkins |
| US Dental, Inc., dba Young's Dental, Young's Dental, Inc., Peter S. Park, and Richard Park, | ) |
|                 Defendants. | ) |

## CIVIL CONTEMPT ORDER

This action having been commenced by Plaintiff Young Innovations, Inc. ("Young" or "Plaintiff") against Richard Park and Young's Dental, Inc. (collectively, the "November 27, 2023 Defaulting Defendants"), US Dental, Inc. ("US Dental"), and Peter Park, and Plaintiff having moved for an order to show cause why Richard Park and US Dental should not be held in contempt (Dkt. 99);

The Court having previously entered Default Judgment against the November 27, 2023 Defaulting Defendants ("November 27, 2023 Default Judgment Order," Dkt. 65), enjoining them and "all persons in active concert and/or participation with them who receive notice" from, among other things, "selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote dental goods or services using the word "YOUNG" or any formative thereof in any form or medium or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of YOUNG® or YOUNG SPECIALTIES®, including but not limited to offering for sale of any YOUNG®-branded goods;" "causing likelihood of confusion or injury to Plaintiff's business reputation and to the goodwill associated with Plaintiff's YOUNG® or YOUNG SPECIALTIES® marks through unauthorized use of the

same or a confusingly similar equivalent in connection with the manufacturing, distribution, or sale of its goods;" and "assisting, aiding, or abetting another person or business entity in engaging or performing any of the [above] activities;"

The Court having previously found US Dental and Richard Park in contempt for violating the November 27, 2023 Default Judgment Order by working in active concert and/or participation with each other to register an infringing domain name, youngsdentalsupply.com ("May 9, 2024 Contempt Order," Dkt. 97);

US Dental having represented that Richard Park is also responsible for creating or developing its usdentalinc.com website (Dkt. 100 at 3-4; Dkt. 91-5 at 3);

US Dental and Richard Park having failed to promptly remove infringing marks from the usdentalinc.com website until at least July 29, 2024, in violation of the November 27, 2023 Default Judgment Order (Dkt. 107 at 2-5);

The Court having again found US Dental and Richard Park in contempt for violating the November 27, 2023 Default Judgment Order by failing to promptly remove said infringing marks from the usdentalinc.com website (Dkt. 109); and

This Court having entered default judgment against US Dental and found counsel for US Dental, Andrew Kim, liable under 28 U.S.C. § 1927 (Dkt. 109);

For the reasons stated in open Court on August 1, 2024, this Court finds that US Dental is liable for willful trademark infringement and counterfeiting (15 U.S.C. § 1114); unfair competition, false advertising, and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)); violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/1 *et seq.*); and unfair competition under Illinois common law. This Court further finds that

Plaintiff is entitled to attorney's fees under 15 U.S.C. § 1117(b), and that US Dental's counsel is liable under 28 U.S.C. § 1927 for at least a portion of those fees, for his actions that needlessly and vexatiously multiplied this litigation.

Accordingly, this Court orders that Plaintiff's Motion for Defendants to Show Cause Why They Should Not be Held in Contempt (Dkt. 99) is GRANTED as follows, and that this Civil Contempt Order awarding default judgment is entered against US Dental.

This Court further orders that:

1. US Dental, its officers, agents, employees, attorneys, and all persons in active concert and/or participation with them who receive notice be immediately and permanently enjoined and restrained from:

   a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote dental goods or services using the word "YOUNG" or any formative thereof in any form or medium or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of YOUNG® or YOUNG SPECIALTIES®, including but not limited to offering for sale of any YOUNG®-branded goods;

   b. manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material bearing any copy or colorable imitation of the YOUNG® or YOUNG SPECIALTIES® marks;

   c. using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, to mistakenly believe that any good or service advertised, promoted, offered, or sold by US Dental is sponsored,

  endorsed, approved, or authorized by or connected with Plaintiff, without Plaintiff's express authorization;

 d. unfairly competing with Plaintiff by using YOUNG®, YOUNG SPECIALTIES®, or any colorable imitation thereof on or in connection with any goods or services;

 e. causing likelihood of confusion or injury to Plaintiff's business reputation and to the goodwill associated with Plaintiff's YOUNG® or YOUNG SPECIALTIES® marks through unauthorized use of the same or a confusingly similar equivalent in connection with the manufacturing, distribution, or sale of its goods;

 f. registering and/or using YOUNG®, YOUNG SPECIALTIES®, or any colorable imitation thereof in a domain name;

 g. engaging in any other activity constituting unfair competition or infringement of Plaintiff's YOUNG® or YOUNG SPECIALTIES® marks or Plaintiff's rights in, to use, or to exploit the same; and

 h. assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (a) through (g) above.

2. Any domain names owned by US Dental incorporating the terms YOUNG®, YOUNG SPECIALTIES®, or a colorable imitation thereof ("unauthorized domain names") shall be changed from the current registrant to Plaintiff; the domain name registries for the US Dental's unauthorized domain names shall unlock and change the registrar of record for the US Dental's unauthorized domain names to a registrar of Plaintiff's selection; and the domain name registrars shall take any steps necessary to transfer the unauthorized domain names to a registrar account of Plaintiff's choosing.

3. Pursuant to 15 U.S.C. § 1117(c), Plaintiff is awarded statutory damages from US Dental in the amount of one hundred and fifty thousand dollars ($150,000) for willful counterfeiting of Plaintiff's YOUNG® mark.

4. Pursuant to 15 U.S.C. § 1117(a) and (b), Plaintiff is awarded attorney's fees and costs from US Dental in the amount of $69,462 due to the exceptional nature of this case and Defendant's willful counterfeiting and infringement.

5. Plaintiff is awarded interest, including pre-judgment interest, on the foregoing sums.

6. Pursuant to 15 U.S.C. § 1118, US Dental and any principals, agents, employees, successors, and assigns of and all those in privity or concert with US Dental who receive actual notice of said order, shall deliver up all promotional, advertising, and any other printed materials of any kind wrongfully bearing or containing Plaintiff's YOUNG® or YOUNG SPECIALTIES® marks or any colorable imitation thereof.

7. US Dental, and all those acting in concert with US Dental, shall destroy all of US Dental's goods bearing an infringing mark.

8. US Dental shall file with the Court within thirty days after entry of judgment a report in writing under oath detailing US Dental's compliance with the foregoing.

This is a Final Judgment and entry of permanent injunction.

Enter: 9/24/2024

Lindsay C. Jenkins
United States District Judge